Caroline H. Mankey, SBN 187302
Email: caroline@cypressllp.com
Robert J. Muller, SBN 189651
Email: bob@cypressllp.com
CYPRESS, LLP
11111 Santa Monica Blvd., Suite 500
Los Angeles, California 90025
Telephone: (424) 901-0123
Facsimile:   (424) 750-5100

Seth H. Ostrow (*pro hac*)
sostrow@ostrowkaufman.com
Matthew L. Kaufman (*pro hac*)
mkaufman@ostrowkaufman.com
Jeanpierre J. Giuliano (*pro hac*)
jgiuliano@ostrowkaufman.com
OSTROW KAUFMAN LLP
555 Fifth Avenue, 19th Floor
New York, NY  10017
Telephone: (212) 682-9200
Facsimile: (212) 682-9222

Attorneys for Plaintiff
Advanced Media Networks, LLC

FILED
CLERK, U.S. DISTRICT COURT

SEP - 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MEDIA NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOGO LLC, AIRCELL BUSINESS AVIATION SERVICES LLC, BOMBARDIER AEROSPACE CORPORATION, DELTA AIR LINES INC., LEARJET INC. , NETJETS INC., UNITED AIR LINES INC. AND XOJET, INC, <br><br> Defendants. | CASE No. **CV-11-10474 GAF (JCGx)** <br><br> ~~[PROPOSED]~~ PROTECTIVE ORDER |

1        Pursuant to the Stipulation Re Proposed Protective Order submitted by

2   Plaintiff Advanced Media Networks, LLC ("AMN") and Defendants Gogo LLC

3   ("Gogo"), Aircell Business Aviation Services LLC ("Aircell"), Bombardier

4   Aerospace Corporation ("Bombardier"), Delta Air Lines Inc. ("Delta"), Learjet

5   Inc. ("Learjet"), NetJets Inc. ("NetJets"), United Air Lines Inc. ("United") and

6   XOJET, Inc. ("XOJET") (AMN, Gogo, Aircell, Bombardier, Delta, Learjet,

7   NetJets, United, and XOJET individually, a "Party," and collectively, the

8   "Parties") in the above-captioned action (the "Action");

9   **IT IS HEREBY ORDERED** as follows:

10  **APPLICABILITY OF PROTECTIVE ORDER**

11       1.    All documents, materials, items, testimony or information, regardless

12  of whether stored in electronic or paper form, produced or filed or lodged with or

13  otherwise submitted to the Court in connection with a hearing or trial, or

14  produced, provided or served, formally or informally, either by a Party or by a

15  non-party, to or for any of the other Parties, shall be governed by this Protective

16  Order if designated in accordance with this Protective Order, and if so designated

17  and unless such designation is removed in accordance with this Protective Order,

18  used only for the purposes of this litigation and not for any other purpose,

19  including but not limited to business, legal, patent prosecution, competitive or

20  governmental purpose or function.  Notwithstanding the foregoing, nothing in this

21  paragraph 1 or in this Protective Order shall be deemed to limit or otherwise

22  restrict or impair in any manner any Party's use or disclosure of its own

23  information or publicly available information, in whatever form.

24       2.    The terms of this Protective Order shall apply to all manner and

25  means of disclosure of information in discovery, whether formal or informal,

26  designated in accordance with this Protective Order, including without limitation

27  oral testimony, entry onto land or premises, and production and/or inspection of

28  books, records, documents and tangible things.

**DEFINITIONS**

3.    "Confidential" information is defined herein as information that (i) is not in the public domain (i.e., not generally known and not reasonably ascertainable by proper means) or (ii) contains trade secrets, as defined in Cal. Civ. Code §3426.1, or other proprietary or confidential research, development, marketing, financial, technical, or commercial information, including but not limited to, (a) customer lists, pricing analysis and information, market surveys, market and competitive research, corporate financial information and analysis, and marketing and business strategies, (b) draft patent applications, invention disclosures, and other information relating to the filing and preparation of patent applications, (c) research and experimental testing information, (d) technical information related to product design, development, operation and manufacturing techniques or processing information, (e) patent license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations, (f) technical drawings and other information submitted to government agencies, including the Federal Aviation Administration, that implicates or might implicate airline and commercial and business aviation airplane security issues, or (g) information within the definition of trade secret as set forth in Cal. Civ. Code §3426.1; and any other information that would qualify as Confidential pursuant to Federal Rule of Civil Procedure 26(c) or any other legal standard.

4.    "Disclosing Party" is defined herein as any Party or non-party who is requested to produce or produces its own Documents or other information in connection with the conduct of the Action.

5.    "Document" shall include without limitation any records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, computer code, databases, version control systems, communications, letters,

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing.

6.      "Highly Confidential" information is defined herein as such Confidential information that would cause direct harm to the competitive position of the Disclosing Party if such Confidential information were to be disclosed, or that would or could potentially compromise the security of air travel if such Confidential information were to be disclosed, or that is so competitively sensitive that its disclosure could negatively affect the business, commercial or financial interests of the Disclosing Party.

7.      "Qualified Person" as used herein means:

a.      Trial Counsel;

b.      Subject to the terms of Paragraph 19 below, any person retained by a Party or its Trial Counsel as an independent consultant or expert (who is not a shareholder, officer, director or employee of a Party, or inventor named on a patent-in-suit) who agrees in writing to be bound by the terms of this Protective Order in the form of Exhibit A, attached hereto (such signed agreement shall be preserved by the retaining Party or Trial Counsel);

c.      Any court reporter or videographer who transcribes or records testimony in this Action at a deposition and who agrees that all designated confidential testimony is and shall remain confidential and shall not be disclosed except as provided in this Order;

d.      The Court and the Court's personnel;

e.      Outside vendors who perform copying, document preparation, jury consulting, or creation of trial graphics or tutorials on behalf of any Party;

f.      Members of focus groups and mock jurors, provided they sign an undertaking with the same protections as the Confidentiality Agreement attached hereto as Exhibit A with the caption redacted to remove reference to the Parties,

1  and further provided that no mock jurors or focus group participants be permitted
2  to keep any discovery materials in this matter;

3      g.    Any other person who is designated as a Qualified Person by written
4  agreement of counsel for the Parties or by Order of this Court, after notice to all
5  Parties;

6      h.    Officers, directors, or employees of the Parties who require
7  information disclosed pursuant to this Protective Order in order to assist in or
8  evaluate the Action, provided that each such person first is advised by counsel for
9  the respective Party of the provisions of this Protective Order and agrees to be
10  bound thereby and not to copy or use any Confidential information for any
11  purpose other than in connection with the Action or to reveal any Confidential
12  information to any person not authorized by this Protective Order.

13      8.    "Receiving Party" is defined herein as any individual who has
14  received information designated as Confidential or Highly Confidential pursuant
15  to this Protective Order.

16      9.    "Trial Counsel" as used herein, means:

17      a.    the attorneys and employees of Ostrow Kaufman, LLP and Cypress,
18  LLP responsible for this litigation for AMN and any other law firm (and its
19  members and employees) which appears on behalf of AMN in the Action; and

20      b.    the attorneys and employees of Sidley Austin LLP responsible for
21  this litigation for Gogo, Aircell, Bombardier, Delta, Learjet, NetJets, United, and
22  XOJET and any other law firm (and its members and employees) which appears
23  on behalf of Gogo, Aircell, Bombardier, Delta, Learjet, NetJets, United, or XOJET
24  in the Action.

25  **DESIGNATION OF MATERIALS**
26  **"Confidential" Information**

27      10.    A Disclosing Party may designate Confidential information, as
28  defined herein. In designating Confidential information, the Disclosing Party will

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1  make such designation only as to that information that it has regularly treated as
2  Confidential information, as defined herein and consistent with Federal Rule of
3  Civil Procedure 26(c).  No information shall be deemed Confidential if it is
4  disclosed in a printed publication available to the public or trade.  No information
5  shall be deemed Confidential if it comes to be known to a Party through means
6  that are not governed by any proprietary or confidential relationship or obligation
7  or by this Protective Order.  To the extent that a Receiving party questions
8  whether a document has been properly designated "Confidential" or "Highly
9  Confidential" under this Order, the receiving Party is nonetheless obligated to
10  treat such Document pursuant to its designation under the terms of this Order
11  unless and until the designation is removed or modified as provided for in
12  paragraph 30 of this Order.

13       11.    Documents and things produced that contain Confidential
14  information may be designated as such by marking each page, whether an
15  electronic document or paper document, or by marking the tangible medium
16  containing such information, at or before the time of production as follows:

**"CONFIDENTIAL INFORMATION**
**Subject to Protective Order**
**Case No. 11-cv-10474-GAF"**

20       12.    Access to information designated as Confidential shall be limited to
21  Qualified Persons (as defined in paragraph 7 above).  A Receiving Party shall
22  treat information as "Confidential" under this Protective Order, as soon as a
23  Disclosing Party so designates the information.  For the avoidance of doubt,
24  nothing in this Protective Order shall restrict a Receiving Party's use or
25  distribution of any Document designated as "Confidential" if the only "Highly
26  Confidential" or "Confidential" information in the Document is that of the
27  Receiving Party.
28

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

13.   A Receiving Party shall treat all documents and things designated as containing Confidential information as Confidential under this order unless and until such designation is removed by the Producing Party or by order of this Court.

**"Highly Confidential" Information**

14.   A Disclosing Party may designate Highly Confidential information, as defined herein.  In designating Highly Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as Highly Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c).  Documents, testimony, information and other things designated Highly Confidential may be disclosed only to the Qualified Persons identified in subsections (a) through (g) of Paragraph 7 of this Protective Order.  A Receiving Party shall treat information as Highly Confidential under this Protective Order, as soon as a Disclosing Party so designates the information.  For the avoidance of doubt, nothing in this Protective Order shall restrict a Receiving Party's use or distribution of any Document designated as "Highly Confidential Attorneys Eyes Only" if the only "Highly Confidential" or "Confidential" information in the Document is that of the Receiving Party.

15.   Documents and things produced that contain Highly Confidential information may be designated as such by marking each page, whether an electronic document or paper document, or by marking the tangible medium containing such information, at or before the time of production as follows:

**"HIGHLY CONFIDENTIAL INFORMATION**
**ATTORNEYS EYES ONLY**
**Subject to Protective Order**
**Case No. 11-cv-10474-GAF"**

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

16. In the event that at the time a document is produced the designation Confidential or Highly Confidential is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the Disclosing Party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the Receiving Party in writing of the change in or addition of a restrictive designation. The notice shall include a description of the document, including bates number or other adequate identification, and the designation under which future disclosure of the documents is to be governed. The Receiving Party shall have no liability to the Disclosing Party, the Court, or third parties for any use or disclosure of any documents or information prior to the time that the Disclosing Party notifies the Receiving Party in writing of the change in or addition of a specific designation under this Protective Order.

17. A Receiving Party shall treat all documents and things designated as containing Highly Confidential information as Highly Confidential under this order unless and until such designation is removed by the Producing Party or by order of this Court.

**SOURCE CODE**

18. To the extent the production of computer source code becomes necessary in this case, the parties will meet and confer in good faith to develop a provision regarding the production and use of such source code in this case and will, if necessary, submit a joint proposed provision (or competing proposed provisions) to the Court for approval prior to the production of any source code.

**RETAINED INDEPENDENT CONSULTANTS AND EXPERTS**

19. In the event that a Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as

Confidential or Highly Confidential, then such disclosure shall be permitted only under the following conditions:

a.   Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of Exhibit A attached hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof.

b.   At least five (5) business days prior to disclosure of such Confidential or Highly Confidential information, a copy of signed Exhibit A and a copy of the independent consultant or expert's curriculum vitae (which shall include at a minimum such consultant's or expert's education and work history, including a list of all entities for which the consultant or expert has been employed either as a consultant, expert or employee during the past five years, and all matters (by case name or with reference to the parties involved) in which the consultant or expert has been engaged to act as a consultant or expert during the past five years) shall be delivered to Trial Counsel for the Disclosing Party, in the manner agreed to by the Parties to the Action for service of all documents or if no agreement has been made, in the manner provided for service under the Federal Rules of Civil Procedure, along with a statement that the signed Exhibit and curriculum vitae are being served in accordance with this paragraph of the Protective Order.  Upon request of the Disclosing Party within the five (5) business days provided herein, the Receiving Party shall be required to provide such other additional information as the Disclosing Party identifies as reasonably necessary to permit the

1  Disclosing Party to assess any conflicts or objection to the

2  proposed consultant or expert.

3     c.     In the event that the Disclosing Party objects to disclosure of

4  its Confidential or Highly Confidential information to the

5  independent consultant or expert, the Disclosing Party shall

6  deliver, in the manner agreed to by the Parties to the Action for

7  service of all documents or if no agreement has been made, in

8  the manner provided for service under the Federal Rules of

9  Civil Procedure, a notice of objection to the opposing Party

10  within five business days from actual receipt of the materials

11  required to be served under subparagraph (b) of this paragraph.

12  In such event, disclosure of the information shall not be made

13  until the Parties agree in writing that such disclosure may be

14  made or the Court issues an order or ruling that such disclosure

15  is permitted.  The Disclosing Party shall, with its notice of

16  objection, state fully its reasons and grounds for such

17  objection.  Failure to give notice of objection within five

18  business days from actual receipt of the materials required to

19  be served under subparagraph (b) of this paragraph shall

20  operate as a waiver of the objection, unless a reason and

21  ground for an objection becomes apparent after such time

22  which reason and ground was not known and could not

23  reasonably have been known to the Disclosing Party at the time

24  of the identification of the consultant or expert by the

25  Receiving Party as provided in subparagraph (b) of this

26  paragraph.  A request for additional information by the

27  Disclosing Party as set forth in the last sentence of

28  subparagraph (b) of this paragraph shall be considered an

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

objection under this subparagraph (c), and the provision of the
requested information by the Receiving Party shall be
considered a new notification of the potential disclosure to a
consultant or expert, triggering the same time frames for non-
disclosure and objection as set forth in subparagraphs (b) and
(c) of this paragraph.

d.      Unless the dispute is resolved by agreement between the
Parties, the Party seeking disclosure may move for a ruling by
the Court on the dispute.  The Disclosing Party shall have the
burden of establishing that the disclosure should not be
permitted.

20.     Where a Party retains independent consultants or experts to furnish
technical or consulting services or to give testimony with respect to the patents-in-
suit or the subject matter of this Action, the following materials will be deemed to
be privileged materials or materials otherwise protected from production based on
a claim of privilege (attorney-client, work product or other privilege) and thus not
discoverable:

a.      Correspondence between such independent consultants or
experts and a Party or its Trial Counsel;

b.      Drafts of expert reports, declarations and any other materials
drafted by or for such independent consultants or experts
regarding the subject matter of this Action; and

c.      Communications between such independent consultants or
experts and a Party or its Trial Counsel that are related to drafts
and/or revisions of expert reports, declarations, or other
materials drafted by or for such independent consultants or
experts, or that are related to preparation to testify at a hearing,
trial, or deposition in this Action.

1  Such protections provided in the preceding sentence are to be construed to be in
2  addition to, and shall not diminish the protections provided in Fed. R. Civ. P.
3  26(b)(3–4).  Nothing in this paragraph, however, limits the rights of the Parties to
4  examine an expert or consultant concerning the information he or she relied upon
5  in forming his or her opinions.

6  **EXAMINATION OF EMPLOYEES, FORMER EMPLOYEES AND THIRD**
7  **PARTIES:**

8       21.     In addition to those persons who may receive Confidential or Highly
9  Confidential information identified above, the following persons may be
10  examined and give testimony as follows:

11       a.          a present employee or representative of a Disclosing Party may
12                   be examined and may testify concerning all Documents and
13                   information designated as Confidential or Highly Confidential
14                   by his employer, except for Documents and information that
15                   the employee or representative is normally prohibited by his
16                   employer from viewing provided that the Disclosing Party has
17                   notified the Receiving Party of a class of Documents or item of
18                   information which the present employee or representative is
19                   prohibited from viewing no less than five business days prior
20                   to the examination of the present employee or representative,
21                   and in the absence of such notification by the Disclosing Party,
22                   the exception shall not apply;

23       b.          a former employee, associate, representative or consultant of a
24                   Disclosing Party may be examined and may testify concerning
25                   all Documents and information designated as Confidential or
26                   Highly Confidential by that Party only if the former employee,
27                   associate, representative or consultant had access to the
28                   Confidential or Highly Confidential material during the period

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1      or periods of his employment or association with that

2      Disclosing Party;

3   c.     non-parties may be examined and may testify concerning all

4          documents or information designated as Confidential or Highly

5          Confidential which appears on its face to have been

6          communicated from or received by the non-party;

7   d.     witnesses may be examined and may testify concerning all

8          documents or information designated as Confidential or Highly

9          Confidential if, by virtue of other testimony or circumstances,

10         it appears likely that the witness previously had lawful access

11         to this information, provided, however, that the Disclosing

12         party can put an end to the examination if such examination

13         reveals that the witness did not have such lawful access; and

14  e.     any individual in circumstances not falling into the above

15         categories may be examined and may testify concerning all

16         documents or information designated as Confidential or Highly

17         Confidential upon approval in writing or on the record by Trial

18         Counsel for the Disclosing Party or order of the Court.

19

20  ## DEPOSITION TRANSCRIPTS AND EXHIBITS

21      22.    Except for use during court proceedings, all information, including

22  testimony and exhibits, disclosed in a deposition of a non-party deponent, Party or

23  a Party's present or former officers, directors, employees, agents, or independent

24  experts retained by such party for purposes of this litigation shall be treated as if it

25  had been designated as Highly Confidential at the time of the taking of the

26  deposition and for a period of thirty (30) calendar days after the transcript of said

27  deposition is received by the Disclosing Party.  Information disclosed at the

28  deposition may be designated under this Protective Order by a Disclosing Party by

ORDER RE STIPULATED PROTECTIVE ORDER

1 so-indicating on the record at the deposition, or by the Disclosing Party's
2 notifying all other Parties and the court reporter in writing, within thirty(30)
3 calendar days of receipt of the transcript of the portions of the transcript that
4 contain information to be designated under this Protective Order.  The Disclosing
5 Party shall attach a copy of a written statement making such designation to the
6 face of the transcript and provide a copy of same to every other Party, or shall
7 request that the court reporter taking such testimony do so.

8      23.    The designation of testimony given as Confidential or Highly
9 Confidential, or the de-designation of such testimony given, shall not affect the
10 confidentiality status of exhibits presented or used in connection with such
11 testimony.

12 **COURT FILINGS**

13      24.    In the event that a Receiving Party wishes to use any Confidential or
14 Highly Confidential information produced by a Disclosing Party in any affidavits,
15 briefs, memoranda of law, or other papers filed or lodged with, or otherwise
16 submitted to, the Court in this litigation, such Party must comply with Civil Local
17 Rule 79-5 and attempt to obtain leave from the Court to file such information
18 under seal.  Any Party may file with the Court additional reasons as to why the
19 documents should be filed under seal.  Any document, thing or information that
20 has been designated as Confidential or Highly Confidential and that is included
21 with, or the contents are in any way disclosed in, any pleading, motion, deposition
22 transcript, or other papers filed or lodged with or submitted to the Clerk of the
23 Court shall be filed in sealed envelopes prominently marked with the notation:

24      **CONFIDENTIAL (or HIGHLY CONFIDENTIAL) INFORMATION**
25                **FILED UNDER SEAL**
26      **SUBJECT TO PROTECTIVE ORDER IN CASE NO. 11-cv-10474-GAF**
27 or as the Court may otherwise direct.

28 **USE OF INFORMATION DESIGNATED UNDER THIS**

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

**PROTECTIVE ORDER AT HEARING OR TRIAL** *Use at trial or at hearing to be followed up with the presiding justice of trial.*

25. ~~Trial Counsel shall refrain from referring in open court to any~~ information designated Confidential or Highly Confidential except under conditions and safeguards that the Court employs to protect against disclosure of such information. Such information may be referred to or offered in evidence at trial only after first providing notice reasonable under the circumstances to the Court and to the Disclosing Party of the intended disclosure. The Court, either through its own initiative or upon motion of the Disclosing Party, may subject such information to further protections, including, but not limited to, in camera proceedings in chambers or conducting proceedings closed to the general public. Nothing herein shall operate as a waiver or relinquishment of a designation under this Protective Order, should such materials be disclosed at a Court hearing or ~~other proceeding where the general public is not so excluded~~.

**INADVERTENT FAILURE TO DESIGNATE / INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

26. A Disclosing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated. As soon as notice of a designation is made by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated documents consistent with the designation given by the Disclosing Party. Those individuals who reviewed the documents or information prior to notice of the misdesignation or failure to designate by the Disclosing Party shall return to Trial Counsel for the Disclosing Party or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the misdesignated documents.

27.   In the event that information designated pursuant to this Protective Order is disclosed to any person not authorized by this Protective Order to receive the information, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Disclosing Party, and without prejudice to other rights and remedies of the Disclosing Party, shall make every reasonable effort to prevent further disclosure by it or by any other person who was the recipient of such information.  The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

28.   Fed.R.Civ.P. 26(b)(5)(B) shall govern the handling of any inadvertently produced privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product or other privilege).  For purposes of this Protective Order, the reference in the Rule to a receiving party shall correspond to the Receiving Party of this Protective Order and reference in the Rule to a Producing Party shall correspond to the Disclosing Party of this Protective Order.

29.   The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.  Upon receiving written notice from the Disclosing Party that materials asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall promptly return or destroy all such material (and any copies that may have been made and may have been distributed) to the Disclosing Party within five (5) business days of receipt of such notice.  Until such materials are returned or destroyed, such materials and the information contained therein shall be treated as Highly Confidential.  Nothing stated herein shall limit the right of a Party to challenge a claim of privilege or protection made pursuant to this paragraph.

**CHALLENGING CONFIDENTIALITY DESIGNATIONS**

30.    If a Receiving Party wishes to challenge the designation of any information as Confidential or Highly Confidential, the Receiving Party shall provide written notice to the Disclosing Party of a request for declassification of the challenged information.  The Disclosing Party shall, within five (5) business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination.  If the dispute cannot be resolved informally, the Receiving Party may seek appropriate relief, *including the joint stip proc.* from the Court, pursuant to the procedures concerning discovery disputes,  The *see L.R. 37* Disclosing Party shall have the burden of proving the propriety of the designation. The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

31.    A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

**RETURN AND/OR DESTRUCTION OF**

**MATERIALS UPON CONCLUSION OF THE ACTION**

32.    Confidential and Highly Confidential Materials: Within ninety calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Disclosing Party containing Confidential or Highly Confidential information (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted in evidence in this Action) shall be destroyed, except that Trial Counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of transcripts, exhibits, pleadings, correspondence, expert reports, memoranda, and discovery responses

1   (i.e., objections to requests for production, responses to interrogatories, and
2   responses to requests for admissions, but excluding documents produced pursuant
3   to a discovery request) which contain or refer to Confidential or Highly
4   Confidential information.  Trial Counsel shall also be entitled to retain documents
5   constituting work product that were internally generated based upon or which
6   include Confidential or Highly Confidential Information.

7        33.    Insofar as the provisions of this Protective Order restrict the
8   communication and use of the documents produced hereunder, this Order shall
9   continue to be binding after the conclusion of this litigation except (a) that there
10  shall be no restriction on documents that are used as exhibits in open court (unless
11  such exhibits were filed under seal) and (b) that a Party may seek the written
12  permission of the Disclosing Party or further order of the Court with respect to
13  dissolution or modification of the Protective Order.

14  **PATENT PROSECUTION AND DEVELOPMENT BAR**

15       34.    During the pendency of the Action, and for a period of one (1) year
16  after the termination of this Action, including all appeals, any person who, as a
17  Receiving Party, has reviewed information designated by a Disclosing Party as
18  Confidential or Highly Confidential pursuant to this Protective Order shall not
19  participate in the preparation or prosecution of any patent application, or in any
20  matter relating to the reexamination of any patent, having claims materially
21  related to the confidential subject matter of the reviewed Confidential or Highly
22  Confidential information.

23  **MISCELLANEOUS**

24       35.    This Protective Order is being entered without prejudice to the right
25  of any Party or non-party to move the Court for modification of, or relief from,
26  any of its terms.

27

28

---

ORDER RE STIPULATED PROTECTIVE ORDER

36.     Nothing shall prevent disclosure beyond the terms of this Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties, orders such disclosure.

37.     Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

38.     This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents, testimony, transcripts, and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

39.     Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to the Action, and in the course thereof, relying upon any information under this Protective Order, provided that counsel does not disclose such information in a manner not specifically authorized under this Protective Order.

40.     Nothing in this Order shall bar amendment of this Order ~~by~~ *a further* ~~stipulation of the Parties or~~ by Order of the Court.  Any such amendment made by stipulation of the Parties shall be made in writing.

41.     If a third party, another court or an administrative agency subpoenas or orders production by a Receiving Party of documents or information designated for protection under this Protective Order, the Receiving Party shall notify the

1   Disclosing Party of the pendency of such subpoena or order, by providing a copy

2   of the subpoena or order along with a written statement that the Receiving Party is

3   providing the notice required under this paragraph, with such notice to be given at

4   least seven (7) court days prior to the return date specified in the subpoena or

5   order for production of documents if possible, but in any event, at least prior to

6   the return date to permit the Disclosing Party to make, file and/or lodge any

7   objections to the subpoena or order.  In addition, the Receiving Party shall, no less

8   than seven (7) court days prior to any actual disclosure of any documents or

9   information designated for protection under this Protective Order, provide written

10  notice to the Disclosing Party of the precise scope of the disclosure the Receiving

11  Party intends to make (by providing identification by production number or by

12  specifically naming each and every document the Receiving Party intends to

13  disclose), the entity to whom the Receiving Party intends to make the disclosure,

14  and a specific identification of the subpoena or order which the Receiving Party

15  believes requires the disclosure.

16        42.    The terms of this Protective Order shall survive termination of this

17  action.

18

19

20

21  Dated: ~~August~~ _Sept. 6_, 2012    _____

22                                        The Honorable ~~Gary Allen Feess~~ Jay C. Gandhi

                                          Judge of the United States District Court

23                                        The United States District Court

24                                        Central District of California

25

26

27

28

1

## **EXHIBIT A**

2

3

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

4

5

ADVANCED MEDIA NETWORKS, LLC,

6

            Plaintiff,

7

      v.

8

9

GOGO LLC,AIRCELL BUSINESS AVIATION SERVICES LLC, BOMBARDIER AEROSPACE CORPORATION, DELTA AIR LINES INC., LEARJET INC., NETJETS INC., UNITED AIR LINES INC. AND XOJET, INC,

10

11

12

13

            Defendants.

14

15

16

CASE No. **CV-11-10474 GAF (JCGx)**

**CONFIDENTIALITY AGREEMENT**

17

18

19

20

21

22

23

24

25

26

27

28

CYPRESS, LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

ORDER RE STIPULATED PROTECTIVE ORDER

I, _____, declare that:

1.     My address is _____

_____.

2.     My present occupation is_____,

and I am currently employed by_____.

I have been retained by _____ with

respect to this litigation.  A true copy of my curriculum vitae is attached.

3.     I have received a copy of the Protective Order in this action, and have

carefully read and understand its provisions.

4.     I will comply with all of the provisions of the Protective Order.  I will

hold in confidence, will not disclose to anyone other than those persons

specifically authorized by the Protective Order, and will not copy or use for

purposes other than for this lawsuit, any information designated under the

Protective Order, except as expressly permitted in the Protective Order.

5.     I declare under penalty of perjury that the foregoing is true and

correct.

Executed:

Signature: _____

Date: _____, 2012__

ORDER RE STIPULATED PROTECTIVE ORDER
22